UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMMAR FAQEDAH,

     Plaintiff,

v.                                                                            Case No: 6:25-cv-455-JSS-NWH

KRISTI NOEM, SECRETARY OF
THE DEPARTMENT OF
HOMELAND SECURITY, and
JOSEPH EDLOW, DIRECTOR OF
THE UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES,

     Defendants.
_____/

**ORDER**

Defendants move to dismiss this immigration case for lack of subject matter jurisdiction. (Dkt. 21.) Although Defendants represent—in compliance with Local Rule 3.01(g)—that Plaintiff opposes the motion, (Dkt. 21 at 14), Plaintiff has not responded to the motion and the time to respond has expired, *see* M.D. Fla. R. 3.01(d). Accordingly, "the motion is subject to treatment as unopposed." *Id.* Nevertheless, the court considers the merits of the motion. *See Giummo v. Olsen*, 701 F. App'x 922, 924 & n.2 (11th Cir. 2017) (explaining that granting a dismissal only because a motion to dismiss is unopposed is an abuse of discretion (citing *Woodham v. Am. Cystoscope Co.*, 335 F.2d 551, 556 (5th Cir. 1964))); *see also Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the

obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). Upon consideration, for the reasons outlined below, the court grants the motion and dismisses this case without prejudice for lack of subject matter jurisdiction.

## BACKGROUND[1]

In his complaint, Plaintiff states that although he is "a native of Egypt and a citizen of Sudan," he "resides in Seminole County, Florida." (Dkt. 1 ¶¶ 1, 8, 10.) Allegedly, in June 2022, Plaintiff completed and submitted Form I-485, titled Application to Register Permanent Residence or Adjust Status, and in September 2023, Defendants denied his application. (*Id.* at 1, 6.) Plaintiff reports that years prior to the denial, he was sent Form I-862, which charged him as being subject to removal under 8 U.S.C. § 1227(a)(1)(B) because he overstayed his visa. (Dkt. 1 ¶¶ 11–12.) Plaintiff further reports that an immigration judge ordered him removed in September 2007, that Plaintiff appealed the removal order, and that the Board of Immigration Appeals dismissed the appeal in October 2008. (*Id.* ¶¶ 14–15.) Purportedly, in their denial of Plaintiff's Form I-485 application, Defendants asserted that they were required to deny the application under 8 C.F.R. § 1245.2(a)(1) given the removal order. (Dkt. 1 ¶ 29.)

Dissatisfied with the denial of his application, Plaintiff initiated this case in

---

[1] Because Defendants raise a facial challenge concerning subject matter jurisdiction, (Dkt. 21 at 5–6), the court derives the facts from the complaint. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

March 2025. (*See id. passim.*) He sues Defendants seeking judicial review of the denial. (*Id.* at 1.) Plaintiff bases his claims on the Administrative Procedure Act (APA) and, in the alternative, requests a writ of mandamus. (*Id.* at 1, 8–9.) As relief, he seeks an injunction "compelling Defendants to adjudicate [his] Form I-485 [application] within a reasonable period of time," a declaration that Defendants' actions in the immigration proceedings were "arbitrary and capricious, an abuse of discretion[,] and not in accordance with the law," and the legal fees that he incurred in bringing his claims. (*Id.* at 9–10.)

## APPLICABLE STANDARDS

Federal courts are "powerless to act without jurisdiction" and are therefore "obligated to inquire into subject matter jurisdiction" at the "earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The "burden for establishing federal subject matter jurisdiction rests with the party bringing the claim" in federal court, i.e., Plaintiff. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quotation omitted). "[I]f the court determines that subject matter jurisdiction is lacking, it must dismiss the entire case." *Trusted Net Media Holdings, LLC v. Morrison Agency, Inc.*, 550 F.3d 1035, 1042 (11th Cir. 2008) (en banc); *accord Univ. of S. Ala.*, 168 F.3d at 410 ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation omitted)). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is

entered without prejudice." *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

A challenge to a court's subject matter jurisdiction is either facial or factual. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). A facial challenge disputes that the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual challenge addresses "the existence of subject matter jurisdiction irrespective of the pleadings." *Id.* (quotation omitted). When deciding a facial challenge, the court accepts the complaint's well-pleaded factual allegations as true. *Id.*; *see Lewis v. Governor of Ala.*, 944 F.3d 1287, 1309 (11th Cir. 2019) ("A facial attack requires the court to determine, based only on the pleadings, whether the plaintiff sufficiently alleged a basis of subject matter jurisdiction."); *see also Stalley*, 524 F.3d at 1232–33. Here, Defendants raise a facial challenge arguing that Plaintiff has not sufficiently pleaded subject matter jurisdiction, (Dkt. 21 at 5–6), so the court accepts the well-pleaded factual allegations in the complaint as true and construes them in the light most favorable to Plaintiff, *see Lewis*, 944 F.3d at 1309 ("When considering a facial attack . . . , the court 'must accept as true all material allegations of the complaint[] and must construe the complaint in favor of the complaining party.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975))).

## ANALYSIS

Although Plaintiff alleges that the court has subject matter jurisdiction under the APA, (Dkt. 1 ¶ 4), and alternatively requests a writ of mandamus, (*id.* at 1, 8–9),

neither the APA nor the court's mandamus power confers subject matter jurisdiction when the jurisdiction-stripping provisions of the Immigration and Nationality Act (INA) apply. *See Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699 (11th Cir. 2011) ("APA, mandamus, and declaratory jurisdiction are precluded by the jurisdiction-stripping provisions of the [INA.]"). Defendants contend that the INA's "[s]ection 1252(a)(2)(B) divests district courts of jurisdiction to review denials of adjustment-of-status applications." (Dkt. 21 at 8.) With regard to this case, the court agrees with Defendants.

Statutes may "preclude judicial review" under the APA such that when a statute like the INA divests a district court of judicial review, federal question jurisdiction does not exist under the APA. 5 U.S.C. § 701(a)(1); *see Haitian Refugee Ctr. v. Baker*, 953 F.2d 1498, 1505–06 (11th Cir. 1992) (providing an example of how the INA supersedes the APA's grant of judicial review). Specifically, here, this court is deprived of jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i)—which provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under" 8 U.S.C. § 1255—as 8 U.S.C. § 1255(a) governs adjustment-of-status requests like Plaintiff's Form I-485 application. *See Patel v. Garland*, 596 U.S. 328, 338 (2022) ("[Section 1252(a)(2)(B)(i)] prohibits review of *any* judgment *regarding* the granting of relief under [section ]1255 . . . ."); *id.* at 339 ("[Section ]1252(a)(2)(B)(i) encompasses not just the granting of relief but also any judgment *relating to* the granting of relief." (quotation omitted)); *see also Ibarra v. Swacina*, 628 F.3d 1269, 1270 (11th Cir. 2010) ("The district court did not err in concluding [that] it lacked jurisdiction under the

APA to review the denial of [the plaintiff]'s application for adjustment of status."); *cf.* 8 C.F.R. § 1245.2(a)(1) (the jurisdictional provisions of the regulation that applies to Plaintiff's request for adjustment of status through his Form I-485 application). To illustrate how the INA divests district courts of jurisdiction regarding Form I-485 applications, the Eleventh Circuit in *Aguilera v. District Director* perceived no error when the district court dismissed the complaint for lack of subject matter jurisdiction "because the INA expressly provides that the denial of an application for adjustment of status is not reviewable by any court." 423 F. App'x 916, 919 (11th Cir. 2011) (citing 8 U.S.C. § 1252(a)(2)(B)(i)).

Because Plaintiff challenges Defendants' denial of his Form-485 application, (*see* Dkt. 1), and section 1252(a)(2)(B)(i) divests district courts of jurisdiction over such challenges, *see Patel*, 596 U.S. at 338–39, the court lacks subject matter jurisdiction in this case. *See Hilaire v. Sec'y, Dep't of Homeland Sec.*, No. 6:24-cv-248-GAP-LHP, 2024 U.S. Dist. LEXIS 138429, at *13 (M.D. Fla. Aug. 5, 2024) ("Considering the myriad of persuasive authority regarding this issue, the [c]ourt . . . concludes that it lacks jurisdiction over [the p]laintiff's [c]omplaint because [section] 1252(a)(2)(B)(i) strips it of jurisdiction to review any authoritative decision relating to the granting or denying of discretionary relief under [section] 1255—including [the defendants'] denial of [the p]laintiff's Form I-485, Application to Register Permanent Residence or Adjust Status." (citing *Commandant v. Dist. Dir.*, No. 21-10372, 2024 WL 3565390, at *2, 2024 U.S. App. LEXIS 18597, at *5 (11th Cir. July 29, 2024), and *Patel*, 596 U.S. at 345–46)); *see also Mata*, 426 F. App'x at 699. Accordingly, the court dismisses this case

- 6 -

without prejudice.  *See Stalley*, 524 F.3d at 1232.

## CONCLUSION

Accordingly:

1.  Defendants' motion to dismiss (Dkt. 21) is **GRANTED**.

2.  Plaintiff may file an amended complaint if he can do so in good faith and in accordance with the applicable law on or before March 6, 2026.  If Plaintiff declines to file an amended complaint, this case will be closed.

**ORDERED** in Orlando, Florida, on February 20, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

- 7 -